1  DAVID W. ICHEL (*pro hac vice*)
   dichel@stblaw.com
2  MARY ELIZABETH McGARRY (*pro hac vice*)
   mmcgarry@stblaw.com
3  JOSEPH M. McLAUGHLIN (*pro hac vice*)
   jmclaughlin@stblaw.com
4  SIMPSON THACHER & BARTLETT LLP
   425 Lexington Avenue
5  New York, New York  10017
   Telephone: (212) 455-2000
6  Facsimile: (212) 455-2502

7  SIMONA G. STRAUSS, 203062
   sstrauss@stblaw.com
8  STEPHEN P. BLAKE, 260069
   sblake@stblaw.com
9  SIMPSON THACHER & BARTLETT LLP
   2550 Hanover Street
10 Palo Alto, California  94304
   Telephone: (650) 251-5000
11 Facsimile:  (650) 251-5002

12 Attorneys for Defendant
   DUCATI NORTH AMERICA, INC.
13

14                    UNITED STATES DISTRICT COURT

15              FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                          SAN JOSE DIVISION

17

18
   JONAS SUGARMAN and QUANG LE, on behalf          Case No. CV 10-5246-JF (PSG)
19 of themselves and all others similarly situated,
                                                    **STIPULATED**
20                     Plaintiffs,                  **PROTECTIVE ORDER**

21              v.

22 DUCATI NORTH AMERICA, INC.,

23                     Defendant.

24

25

26

27

28

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting and defending this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in paragraph 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party that challenges the confidentiality designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record, other counsel retained for purposes of this litigation, and a Party's in-house counsel (as well as the support staff for each of these counsel).

2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items produced in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, a Party's competitor, a Party's affiliate, or a Party's affiliate's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party, a Party's competitor, a Party's affiliate, or a Party's affiliate's competitor.

2.7     "HIGHLY CONFIDENTIAL" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Other Counsel: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action, but who have not appeared in this action on behalf of that Party.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.11    Party: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and Counsel's support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL."

2.15     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material, (2) all copies, excerpts, summaries, or compilations of Protected Material, and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise, and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party and the Producing Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the

1  appropriate standards.  To the extent it is practical to do so, the Designating Party must designate

2  for protection only those parts of material, documents, items, or oral or written communications

3  that qualify so that other portions of the material, documents, items, or communications for which

4  protection is not warranted are not swept unjustifiably within the ambit of this Order.

5          Mass, indiscriminate, or routinized designations are prohibited.  Designations that

6  are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

7  unnecessarily encumber or retard the case development process or to impose unnecessary

8  expenses and burdens on other Parties) expose the Designating Party to sanctions.

9          If it comes to a Designating Party's attention that information or items that it

10  designated for protection do not qualify for protection at all or do not qualify for the level of

11  protection initially asserted, that Designating Party must promptly notify all other Parties that it is

12  withdrawing the mistaken designation.

13          5.2       Manner and Timing of Designations.

14          Except as otherwise provided in this Order, or as otherwise stipulated or ordered,

15  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

16  designated before the material is disclosed or produced.

17          Designation in conformity with this Order requires:

18          (a) for information in documentary form (e.g., paper or electronic documents, but

19  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

20  affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains

21  protected material.  If only a portion or portions of the material on a page qualifies for protection,

22  the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

23  markings in the margins) and must specify, for each portion, the level of protection being asserted.

24          A Party or Non-Party that makes original documents or materials available for

25  inspection need not designate them for protection until after the inspecting Party has indicated

26  which material it would like copied and produced.  During the inspection and before the

27  designation, all of the material made available for inspection shall be deemed "HIGHLY

28  CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and

---

produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, either at the deposition or up to 21 days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material

1   and the level of protection being asserted by the Designating Party.  The Designating Party shall

2   inform the court reporter of these requirements.  Any transcript that is prepared before the

3   expiration of a 21-day period for designation shall be treated during that period as if it had been

4   designated "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed.  After the

5   expiration of that period, the transcript shall be treated only as actually designated.

6   (c) for information produced in some form other than documentary and for any

7   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

8   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

9   or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information or item warrant

10  protection, the Producing Party, to the extent practicable, shall identify the protected portion(s)

11  and specify the level of protection being asserted.

12          5.3        Inadvertent Failures to Designate.

13          If timely corrected, an inadvertent failure to designate qualified information or

14  items does not, standing alone, waive the Designating Party's right to secure protection under this

15  Order for such material.  Upon timely correction of a designation, the Receiving Party must make

16  reasonable efforts to assure that the material is treated in accordance with the provisions of this

17  Order.

18      6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

19          6.1        Timing of Challenges.

20          Any Party may challenge a designation of confidentiality at any time.  Unless a

21  prompt challenge to a Designating Party's confidentiality designation is necessary to avoid

22  foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or

23  delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by

24  electing not to mount a challenge promptly after the original designation is disclosed.

25          6.2        Meet and Confer.

26          The Challenging Party shall initiate the dispute resolution process by providing

27  written notice of each designation it is challenging and describing the basis for each challenge.  To

28  avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

1   challenge to confidentiality is being made in accordance with this specific paragraph of this

2   Stipulated Protective Order.  The Parties shall attempt to resolve each challenge in good faith and

3   must begin the process by conferring directly, through voice to voice dialogue, within 14 days of

4   the date of service of notice.  In conferring, the Challenging Party must explain the basis for its

5   belief that the confidentiality designation was not proper and must give the Designating Party an

6   opportunity to review the designated material, to reconsider the circumstances, and, if no change

7   in designation is offered, to explain the basis for the chosen designation.  A Challenging Party

8   may proceed to the next stage of the challenge process only if it has first engaged in this meet and

9   confer process or establishes that the Designating Party is unwilling to participate in the meet and

10   confer process in a timely manner.

11                 6.3       Judicial Intervention.

12               If the Parties cannot resolve a challenge without court intervention, the Challenging

13   Party shall file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local

14   Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the

15   Parties agreeing that the meet and confer process will not resolve their dispute, whichever is

16   earlier.  Each such motion must be accompanied by a competent declaration affirming that the

17   movant has complied with the meet and confer requirements imposed in the preceding paragraph.

18               The burden of persuasion in any such challenge proceeding shall be on the

19   Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass

20   or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party

21   to sanctions.  Unless the Designating Party does not file an opposition to the motion, all Parties

22   shall continue to afford the material in question the level of protection to which it is entitled under

23   the Designating Party's designation until the Court rules on the challenge.

24             7.         ACCESS TO AND USE OF PROTECTED MATERIAL

25                 7.1       Basic Principles.

26               A Receiving Party may use Protected Material that is disclosed or produced by

27   another Party or by a Non-Party in connection with this case only for prosecuting, defending, or

28   attempting to settle this litigation.  Such Protected Material may be disclosed only to the

---

1    categories of persons and under the conditions described in this Order.  When the litigation has

2    been terminated, a Receiving Party must comply with the provisions of paragraph 15 below.

3                Protected Material must be stored and maintained by a Receiving Party at a

4    location and in a secure manner that ensures that access is limited to the persons authorized under

5    this Order.

6            7.2        Disclosure of "CONFIDENTIAL" Information or Items.

7                Unless otherwise ordered by the Court or permitted in writing by the Designating

8    Party, a Receiving Party may disclose information or items designated "CONFIDENTIAL" only

9    to:

10               (a) the Receiving Party's Outside Counsel of Record in this action, as well as

11   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

12   information for this litigation and other Counsel who have signed the "Acknowledgment and

13   Agreement to Be Bound" that is attached hereto as Exhibit A;

14               (b) the officers, directors, and employees (including House Counsel) of the

15   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

16   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17               (c) Experts of the Receiving Party to whom disclosure is reasonably necessary for

18   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

19   A);

20               (d) the Court and its personnel;

21               (e) court reporters and their staff, professional jury or trial consultants, and

22   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

23   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24               (f) during their depositions, witnesses in the action to whom disclosure is

25   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

26   (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of

27   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

28

STIPULATED PROTECTIVE ORDER                                    CASE NO. CV 10-5246-JF (PSG)

1    separately bound by the court reporter and may not be disclosed to anyone except as permitted

2    under this Stipulated Protective Order.

3              (g) the author or recipient of a document containing the information or a custodian

4    or other person who otherwise possessed or knew the information.

5              7.3       Disclosure of "HIGHLY CONFIDENTIAL Information or Items.

6              Unless otherwise ordered by the Court or permitted in writing by the Designating

7    Party, a Receiving Party may disclose information or items designated "HIGHLY

8    CONFIDENTIAL only to:

9              (a) the Receiving Party's Outside Counsel of Record in this action, as well as

10   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

11   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

12   Bound" that is attached hereto as Exhibit A;

13             (b) other counsel of the Receiving Party (1) to whom disclosure is reasonably

14   necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be

15   Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have

16   been followed;

17             (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary

18   for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound"

19   (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been

20   followed;

21             (d) the Court and its personnel;

22             (e) court reporters and their staff, professional jury or trial consultants, and

23   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

24   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

25             (f) the author or recipient of a document containing the information or a custodian

26   or other person who otherwise possessed or knew the information.

27

28

---

STIPULATED PROTECTIVE ORDER                                              CASE NO. CV 10-5246-JF (PSG)

1        7.4        Procedures for Approving or Objecting to Disclosure of "HIGHLY

2   CONFIDENTIAL" Information

3                (a) Unless otherwise ordered by the Court or agreed to in writing by the

4   Designating Party, a Party that seeks to disclose to an Expert or to Other Counsel any information

5   or item that has been designated "HIGHLY CONFIDENTIAL" pursuant to paragraph 7.3(c) first

6   must make a written request to the Designating Party that (1) sets forth the full name of the Expert

7   or Other Counsel and the city and state of his or her primary residence, and, in the case of an

8   Expert, (2) attaches a copy of the Expert's current resume, and (3) identifies the Expert's current

9   employer(s).

10                (b) A Party that makes a request and provides the information specified in the

11   preceding paragraphs may disclose the subject Protected Material to the identified Other Counsel

12   or Expert unless, within 14 days of delivering the request, the Party receives a written objection

13   from the Designating Party.  Any such objection must set forth in detail the grounds on which it is

14   based.

15                (c) A Party that receives a timely written objection must meet and confer with the

16   Designating Party through voice to voice dialogue to try to resolve the matter by agreement within

17   seven days of the written objection.  If no agreement is reached, the Party objecting to the

18   disclosure to the Expert or Other Counsel may file a motion as provided in Civil Local Rule 7 (and

19   in compliance with Civil Local Rule 79-5, if applicable) seeking an order preventing the

20   disclosure.  In addition, any such motion must be accompanied by a competent declaration

21   describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of

22   the meet and confer discussions) and setting forth the reasons advanced by the Designating Party

23   for its refusal to approve the disclosure.

24                In any such proceeding, the Party opposing disclosure to the Expert or Other

25   Counsel shall bear the burden of proving that the risk of harm the disclosure would entail (under

26   the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material

27   to its Expert or Other Counsel.

28

---

8.       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party and the Producing Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party or the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's and the Producing Party's permission.  The Designating Party or the Producing Party shall bear the burden and expense of seeking protection in that court of the confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party may either produce the Non-Party's confidential information responsive to the discovery request or, if unable to do so based on good faith belief that it is under legal or contractual restriction not to do so, may object on those grounds.  If the Requesting Party desires access to such Non-Party information, then it shall first attempt to meet and confer with the party in possession of such information, and, absent agreement, may move for relief in court.

If the Non-Party timely seeks a protective order in any applicable court, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

---

STIPULATED PROTECTIVE ORDER                                    CASE NO. CV 10-5246-JF (PSG)

1    Absent a court order or stipulation to the contrary, the Non-Party shall bear the

2 burden and expense of seeking protection of its Protected Material.

3    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5 Protected Material to any person or in any circumstance not authorized under this Stipulated

6 Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

7 and the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

8 unauthorized copies of the Protected Material, (c) inform the person or persons to whom

9 unauthorized disclosures were made of all the terms of this Order, and (d) request such person or

10 persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

11 Exhibit A.

12    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
        PROTECTED MATERIAL

13
14    When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

15 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) as well as any

16 agreed to by the Parties or ordered by the Court in any Case Management Order.

17    12.    MISCELLANEOUS

18    12.1    Right to Further Relief.

19    Nothing in this Order abridges the right of any person to seek its modification by

20 the court in the future.

21    12.2    Right to Assert Other Objections.

22    By stipulating to the entry of this Protective Order, no Party waives any right it

23 otherwise would have to object to disclosing or producing any information or item on any ground

24 not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on

25 any ground to use in evidence of any of the material covered by this Protective Order.

26    12.3    Filing Protected Material. Without written permission from the Designating

27 Party or a court order secured after appropriate notice to all interested persons, a Party may not file

28

---

STIPULATED PROTECTIVE ORDER                                    CASE NO. CV 10-5246-JF (PSG)

in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 4 herein.

1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3 | Dated:  February 8, 2011                    GIRARD GIBBS LLP

4

5 |                                             By _____/s/_____
                                                  Geoffrey A. Munroe, 228590
6 |                                               gam@girardgibbs.com

7 |                                             Attorneys for Plaintiffs JONAS SUGARMAN and
                                              QUANG LE
8

9

10 | Dated:  February 9, 2011                   SIMPSON THACHER & BARTLETT LLP

11

12 |                                            By _____/s/_____
                                                 Simona G. Strauss, 203062
13 |                                              sstrauss@stblaw.com

14 |                                            Attorneys for Defendant DUCATI NORTH AMERICA,
                                              INC.
15

16

17 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

18 | DATED: March 10, 2011                      _____
                                                 The Honorable Paul S. Grewal
19 |                                             United States Magistrate Judge

20

21

22

23

24

25

26

27

28

---

STIPULATED PROTECTIVE ORDER                            CASE NO. CV 10-5246-JF (PSG)

1

## **EXHIBIT A**

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4

5

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was entered by the United States District Court for the Northern District of California in the case of *Jonas Sugarman v. Ducati North America, Inc.*, Case No. CV 10-5246-JF (PSG).

6

7

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

8

9

10

I agree not to disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

11

12

I agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

13

Date: _____

14

City and State where sworn and signed: _____

15

16

Printed name: _____

17

Signature: _____

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A TO STIPULATED PROTECTIVE ORDER                                    CASE NO. CV 10-5246-JF (PSG)

1

**ECF FILER'S ATTESTATION**

2          I, Simona G. Strauss, as the e-filing counsel, attest that concurrence in filing this document

3    has been obtained from Geoffrey A. Munroe.  In accordance with General Order 45 Section X(B),

4    I shall maintain a record of the concurrence for subsequent production for the Court if so ordered

5    or for inspection upon request by a party until one year after final resolution of the action.

6

7    Dated:  February 9, 2011

8                                                      By _____/s/_____
                                                           Simona G. Strauss, 203062
9                                                          sstrauss@stblaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28