**\*\*E-Filed 9/16/2011\*\***

1  Eric H. Gibbs (State Bar No. 178658)
   ehg@girardgibbs.com
2  Dylan Hughes (State Bar No. 209113)
   dsh@girardgibbs.com
3  Geoffrey A. Munroe (State Bar No. 228590)
   gam@girardgibbs.com
4  **GIRARD GIBBS LLP**
5  601 California Street, 14th Floor
   San Francisco, CA  94108
6  Telephone: (415) 981-4800
7  Facsimile:  (415) 981-4846

8  *Attorneys for Plaintiffs*

9

        **UNITED STATES DISTRICT COURT**
10      **NORTHERN DISTRICT OF CALIFORNIA**
11            **SAN JOSE DIVISION**

12  JONAS SUGARMAN and QUANG LE, on behalf          Case No. 5:10-cv-05246-JF
    of themselves and all others similarly situated,
13                                                  **[PROPOSED] ORDER GRANTING**
                                                    **PRELIMINARY APPROVAL OF CLASS**
14            Plaintiffs,                           **SETTLEMENT**
        vs.
15

16  DUCATI NORTH AMERICA, INC.,

17            Defendant.

18

19

20

21

22

23

24

25

26

27

28

The parties to this litigation have entered into a Class Settlement Agreement and Release dated August 8, 2011 ("Settlement Agreement"), which if approved, would resolve this putative class action. Plaintiffs have filed a motion for preliminary approval of the Settlement Agreement, which Defendant Ducati North America, Inc. ("Ducati") supports.  The Court has read and considered the motion papers and the Settlement Agreement and all exhibits thereto, including the proposed class notice, and finds there is sufficient basis for (1) granting preliminary approval of the Settlement Agreement, (2) provisionally certifying the proposed class for settlement purposes, (3) appointing named Plaintiffs Jonas Sugarman and Quang Le as Class Representatives and their counsel as Class Counsel, (4) directing that notice be disseminated to the class, and (5) setting a hearing at which the Court will consider whether to grant final approval of the Settlement.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

1.     The Court preliminarily certifies, for settlement purposes only, the following settlement class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure:

> All residents of the United States who, as of [the date of this Preliminary Approval Order], own any 2003- 2011 Ducati Monster, Multistrada, SportClassic, Streetfighter, Superbike or Hypermotard model family motorcycle manufactured with a plastic fuel tank, including but not limited to the following model and model year motorcycles (collectively, "Class Vehicles"):

- 2003-2008 Monster 620, 620 dark, 620 i.e. dark, 620 i.e., M 695, M 695 dark, 800, S2R, S4R, S4R S Tricolore, S2R dark, S2R1000, and S4RS motorcycles;

- 2009-2011 Monster 696, 696+, 696+ ABS, 796, 796 ABS, 1100, 1100S, 1100 ABS, 1100 evo ABS, 1100S ABS, M696, M1100, and M1100 S motorcycles;

- 2003-2009 Multistrada 1000, 1000S, 1000 DS, 1000S DS, 1100 DS, 1100S DS, 620, 620 dark, MTS 1000, MTS 1000S, MTS 1100 and MTS 1100S motorcycles;

- 2010-2011 Multistrada 1200, 1200S Sport, 1200S Touring and 1200S Pikes Peak motorcycles;

- 2006-2010 SportClassic Sport 1000, Paul Smart 1000, Paul Smart 1000 LE, GT Touring, GT 1000, GT 1000 Touring, GT 1000 Bicolore, Sport 1000S, Sport 1000 Biposto and Sport 1000 Monoposto motorcycles;

- 2009-2011 Streetfighter and Streetfighter S motorcycles;

1

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO. 5:10-CV-05246-JF

- 2007-2011 Superbike 848, 848 NH, 848 Hayden Limited, 848 evo, 1098, 1098S, 1098 Tricolore, 1098R, 1098R Bayliss, 1198R, 1198, 1198S, 1198R corse SE, 1198S corse SE and 1198SP motorcycles; and

- 2007-2011 Hypermotard 796 matt, 796 red, 1100, 1100 evo, 1100 evo SP, 1100S, 1100E and 1100SP motorcycles.

Excluded from the class are Ducati; any affiliate, parent, or subsidiary of Ducati; any entity in which Ducati has a controlling interest; any officer, director, or employee of Ducati; any successor or assign of Ducati; anyone employed by counsel for Plaintiffs in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

2.      The Court appoints named Plaintiffs Jonas Sugarman and Quang Le to serve as Class Representatives.

3.      The Court appoints Girard Gibbs LLP to serve as Class Counsel.

4.      The Court preliminarily finds that, for the purposes of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are met.  Joinder of all members of the class in a single proceeding would be impractical, if not impossible, because of their numbers and dispersion. Common issues exist among class members and predominate over questions affecting only individual class members; in particular, each class member's claims depend on whether the plastic material used in Class Vehicle fuel tanks deforms when in contact with fuel and arise, at least in part, from standardized warranty language, duties, and obligations.  Plaintiffs' claims are typical of those of the class, as Plaintiffs own Class Vehicles and complain of the same fuel tank expansion that forms the basis of all class members' claims.  Plaintiffs and their counsel will fairly and adequately protect the interests of the class; Plaintiffs have no interests antagonistic to those of the class, and have retained counsel experienced and competent to prosecute this matter on behalf of the class.  Finally, a class settlement is superior to other available methods for a fair resolution of the controversy.

5.      The Court preliminarily approves the proposed Settlement Agreement, finding that its terms appear sufficiently fair, reasonable, and adequate to warrant dissemination of notice of the proposed settlement to the settlement class.  The Court finds that the Settlement Agreement contains no obvious deficiencies and that the parties entered into the Settlement Agreement in good faith, following arms-length negotiation between their respective counsel.

1   6.   The Court hereby approves the form, content and procedure for disseminating notice of

2   the proposed settlement to the settlement class set forth in the Settlement Agreement.  The Court finds

3   that the notice to be given by first class mail, utilizing current vehicle owner registration address data

4   obtained by R.L. Polk & Company for all States (and the District of Columbia) other than Oklahoma,

5   and by Ducati directly from the State of Oklahoma, constitutes the best notice practicable under the

6   circumstances, and constitutes valid, due, and sufficient notice to the class in full compliance with the

7   requirements of applicable law, including Rule 23 of the Federal Rules of Civil Procedure and the Due

8   Process Clause of the United States Constitution.

9   7.   Within 60 days after entry of this Order, or such later date as this Court may

10  subsequently order because of the inability to obtain all of the current registration address data in time

11  to mail by that date, Ducati shall cause individual notice, substantially in the form attached to the

12  Settlement Agreement as Exhibit C, to be mailed by First Class mail to all reasonably identifiable

13  United States current registered owners of Class Vehicles in the 50 States and the District of Columbia

14  as of the date of this Order.

15  8.   This Order specifically authorizes all States and the District of Columbia to provide R.L.

16  Polk & Company or counsel for the parties hereto the names and addresses of all currently registered

17  and last known owners of Ducati 2003-2011 motorcycles in the VIN ranges requested for purposes of

18  providing notice under this settlement only.  To comply with their obligations under the Settlement

19  Agreement, the parties must obtain vehicle registration information for the settlement class members

20  for the purpose of disseminating notice of the proposed settlement to those persons and entities.  The

21  parties are hereby ordered to obtain current vehicle registration information through R. L. Polk & Co.,

22  which maintains databases related to the automobile industry and which specializes in obtaining such

23  information from, *inter alia*, the Departments of Motor Vehicles of all fifty (50) states in the United

24  States and the District of Columbia, or, if R.L. Polk & Company is unable to obtain such data from a

25  State, to request such data from that State directly.

26  9.   If it has not already done so, Ducati shall comply with the requirements of 28 U.S.C.

27  § 1715(b) and serve notice of the proposed settlement upon the appropriate federal official and the

28

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO. 5:10-CV-05246-JF

1  appropriate State official of each State in which a class member resides.  Ducati shall also provide

2  copies of its submissions to Class Counsel.

3        10.     As set forth in the Settlement Agreement, Ducati shall bear all costs and expenses in

4  connection with providing notice to the class, complying with 28 U.S.C. § 1715(b), and administering

5  the proposed settlement except for those expenses borne by Class Counsel, which shall be the subject

6  of Class Counsel's application for an award of fees and expenses.

7        11.     A hearing on entry of final approval of the Settlement Agreement, an award of fees and

8  expenses to Class Counsel, and service awards to the Class Representatives and two other Class

9  Members (the "Fairness Hearing") shall be held at 9:00 am on January 17, 20 12 in Courtroom

10  3 of the United States District Court for the Northern District of California, 280 S. First Street, San

11  Jose, California  95113.  At the Fairness Hearing, the Court will consider: (a) whether the settlement

12  should be approved as fair, reasonable, and adequate for the class; (b) whether a judgment granting

13  approval of the settlement and dismissing the lawsuit with prejudice should be entered; and (c) whether

14  Plaintiffs' application for an award of attorneys' fees and expenses to Class Counsel and service awards

15  to the named Plaintiffs and two other settlement class members who submitted to vehicle inspections

16  and provided other information to Class Counsel in this action ("Fee Application") should be granted.

17        12.     Any settlement class member shall have the right to opt out of the class and the

18  settlement by sending a written request for exclusion from the class to the address listed in the Notice,

19  postmarked or delivered no later than December 27, 20 11 To be effective, a request for exclusion shall

20  (i) state the settlement class member's full name, current address, and telephone number; (ii) provide

21  the model, model year, and VIN of the Class Vehicle(s) owned by the class member; (iii) specifically

22  and clearly state the settlement class member's desire to be excluded from the settlement and from the

23  settlement class; and (iv) be signed by the settlement class member.  Any settlement class member who

24  does not submit a timely and valid request for exclusion shall be subject to and bound by the Settlement

25  Agreement and every order or judgment entered concerning the Settlement Agreement.

26        13.     Counsel for the respective parties shall file memoranda, declarations, or other statements

27  and materials in support of the request for final approval of the parties' settlement no later than

28  December 6, 20 11.

---

4

14.     Class Counsel shall file its Fee Application no later than December 6, 20 11

15.     Any member of the settlement class who intends to object to final approval of the Settlement Agreement, the Fee Application and/or the amount of the requested service awards requested must, on or before December 27, 2011, file any such objection with the Court, and provide copies of the objection or comment to (1) Clerk of the Court, San Jose Division, United States District Court for the Northern District of California, 280 S. First Street, San Jose, CA 95113; (2) Girard Gibbs LLP, c/o Eric H. Gibbs, 601 California Street, 14th Floor, San Francisco, CA 94108; and (3) Simpson Thacher & Bartlett LLP, c/o David W. Ichel, 425 Lexington Avenue, New York, NY 10017.

16.     To validly object to the Settlement Agreement, an objecting settlement class member must provide the following information in their written objection: (i) the objecting settlement class member's full name, current address, telephone number, and signature; (ii) the model and model year of the Class Vehicle(s) owned by the objecting class member; (iii) the settlement class member's objections to the Settlement Agreement; (iv) the reasons for the settlement class member's objections; (v) whether the settlement class member intends to appear at the Fairness Hearing with or without separate counsel; and (vi) if the settlement class member intends to appear at the Fairness Hearing with separate counsel, the identities of all attorneys who will separately represent the settlement class member. In addition, any settlement class member objecting to the Settlement Agreement shall provide a detailed list of any other objections submitted by the objector, or the objector's separate counsel, to any class action settlements submitted in any court in the United States, whether state, federal or otherwise, in the previous five years. If the settlement class member or the settlement class member's separate counsel has not objected to any other class action settlement in any court in the United States in the previous five years, the settlement class member shall affirmatively so state in the written objection.

17.     The filing of an objection allows Class Counsel or counsel for Ducati to notice such objecting person for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objecting settlement class member to make himself or herself available for a deposition or to comply with expedited discovery requests may result in the Court

striking the settlement class member's objection and otherwise denying that settlement class member the opportunity to make an objection or be further heard.  The Court reserves the right to tax the costs of any such discovery to the objecting settlement class member or the objecting settlement class member's separate counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

18.     The procedures and requirements for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any class member's objection to the Settlement Agreement, in accordance with the due process rights of all settlement class members.

19.     No later than January 6 , 20 12, the parties shall file any reply papers in support of final approval of the Settlement Agreement or the Fee Application and in response to any objections from settlement class members.

20.     The Court reserves the right to adjourn or continue the date of the Fairness Hearing and related prior deadlines set forth above.  In that event, the revised hearing date or deadlines shall be posted on the settlement website(s) referred to in the class notice, and the parties shall not be required to re-send or re-publish class notice.

21.     Pending the Fairness Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.


Dated: September 16, 2011                     _____
                                              The Honorable Jeremy Fogel
                                              United States District Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO. 5:10-CV-05246-JF