DAVID W. ICHEL (*pro hac vice*)
MARY ELIZABETH McGARRY (*pro hac vice*)
JOSEPH M. McLAUGHLIN (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

SIMONA G. STRAUSS, 203062
sstrauss@stblaw.com
STEPHEN P. BLAKE, 260069
sblake@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002

Attorneys for Defendant
DUCATI NORTH AMERICA, INC.

**E-Filed 9/20/2011**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONAS SUGARMAN and QUANG LE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DUCATI NORTH AMERICA, INC.,<br><br>Defendant. | Case No. CV 10-5246-JF (PSG)<br><br>[~~PROPOSED~~] STIPULATED ORDER AMENDING SEPTEMBER 16 ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT<br><br>Judge:     Hon. Jeremy D. Fogel<br>Courtroom: 3, 5th Floor |

# [~~PROPOSED~~] STIPULATED ORDER

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN COUNSEL FOR ALL PARTIES as follows:

WHEREAS, on September 16, 2011, the parties to the above-captioned matter appeared for a preliminary approval hearing before the Court (the "Hearing");

WHEREAS, on September 16, 2011, the Court entered an Order Granting Preliminary Approval of Class Settlement (the "Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order incorporated scheduling decisions made during the Hearing into the [Proposed] Order Granting Preliminary Approval of Class Settlement submitted by Plaintiffs' Counsel (the "[Proposed] Order");

WHEREAS, in variance with paragraph 7 the [Proposed] Order, the parties at the Hearing requested and the Court agreed to a period of 67 days to November 22, 2011 to mail the individual notice to Class Members;

WHEREAS, the parties requested this change in order to accommodate a potential delay in the processing of vehicle registration information in the State of Hawaii;

WHEREAS, the Preliminary Approval Order does not reflect this 67 day period;

WHEREAS, all other dates in the Preliminary Approval Order were set to accommodate this 67 day period;

WHEREAS, the parties stipulate and agree that a further order from the Court, amending paragraph 7 of the Preliminary Approval Order, is necessary and appropriate to clarify the time for mailing notice to Class Members and to request such further order from the Court;

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED that the Court is requested to enter an Order to the effect that:

1. Paragraph 7 of the Preliminary Approval Order is amended to read:

> On or before November 22, 2011, or such later date as this Court may subsequently order because of the inability to obtain all of the current registration address data in time to mail by that date, Ducati shall cause individual notice, substantially in the form attached to the Settlement Agreement as Exhibit C, to be mailed by First Class mail to all reasonably identifiable United States current

registered owners of Class Vehicles in the 50 States and the District of Columbia as of the date of this Order.

2. All other dates and decisions embodied in the Preliminary Approval Order shall otherwise remain in effect.

Dated: September 20, 2011        GIRARD GIBBS LLP

By     /s/
    Eric H. Gibbs
    ehg@girardgibbs.com

Attorneys for Plaintiffs

Dated: September 20, 2011        SIMPSON THACHER & BARTLETT LLP

By     /s/
    David W. Ichel (*pro hac vice*)
    dichel@stblaw.com

Attorneys for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated: 9/20/2011

The Honorable Jeremy D. Fogel
United States District Judge

**ECF FILER'S ATTESTATION**

I, David W. Ichel, as the e-filing signatory, attest that concurrence in filing this document has been obtained from Eric H. Gibbs. In accordance with General Order 45 Section X(B), I shall maintain a record of Mr. Gibbs's concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party until one year after final resolution of the action.

Dated: September 20, 2011

By     /s/
David W. Ichel (*pro hac vice*)
dichel@stblaw.com