Eric H. Gibbs (State Bar No. 178658)
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
Amy M. Zeman (State Bar No. 273100)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846
E-mail: ehg@girardgibbs.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| JONAS SUGARMAN and QUANG LE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>DUCATI NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 5:10-cv-05246-JF<br><br>[PROPOSED] ORDER AWARDING ATTORNEY FEES, EXPENSES AND SERVICE AWARDS |

This matter came before the Court for hearing on January 06, 2012, pursuant to the Order Granting Preliminary Approval of Class Settlement dated September 16, 2011, and on Plaintiffs' motion for an award of attorney fees, expenses and service awards. Due and adequate notice having been given to the members of the class and having considered all papers filed and proceedings had in this matter, the Court finds as follows:

1. In settlement of Plaintiffs' claim for attorney fees and costs under two state statutes—California Consumers Legal Remedies Act, Cal. Civ. Code § 1780(e), and California's private attorney general statute, Cal. Civ. Proc. Code § 1021.5—Defendant Ducati North America, Inc. ("Ducati") has agreed to pay $835,000 to class counsel, Girard Gibbs LLP.

2. The Court has reviewed the parties' agreement, the evidence submitted by class counsel of the work performed in the case, the time spent performing that work, and their hourly rates, and finds the parties' agreed-upon award of $835,000 to be reasonable.

3. The Court finds that class counsel reasonably spent 1,929 hours representing the class's interests through this litigations, finds class counsel's hourly rates to be reasonable and in line with the prevailing rates in the community for complex class action litigation, and therefore finds that the lodestar value of class counsel's services is $813,415.75.

4. The Court has also considered the factors that can support upward or downward adjustments of class counsel's lodestar under California law and finds that those factors—in particular, the contingency risk that class counsel faced in pursuing this lawsuit and the results they obtained on behalf of the class—support an upward adjustment.

5. Based on the Court's lodestar analysis under California law, the Court finds Ducati's agreement to pay class counsel $835,000 in settlement of class counsel's fee claims to be reasonable. The Court finds no evidence that Ducati has agreed to pay a fee measurably higher than it could conceivably have to pay were the fee amount litigated, which might suggest that class members' interests were compromised in exchange for Ducati's agreement to pay an inflated fee award.

6. Accordingly, the Court approves the fee award pursuant to Federal Rule of Civil Procedure 23(h) and awards Girard Gibbs costs and fees in the amount of $835,000.

1    7.   The Court further awards Jonas Sugarman, Quang Le, Jerrick Torres, and Frank White
2 $1,500 each for their service on behalf the class.

**IT IS SO ORDERED.**

Dated: _____, 2012          _____
                                   The Honorable Jeremy Fogel
                                   United States District Judge