Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
dsh@girardgibbs.com
Geoffrey A. Munroe (State Bar No. 228590)
gam@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846

*Attorneys for Plaintiffs*

**\*\*E-Filed 1/12/2012\*\***

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| JONAS SUGARMAN and QUANG LE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>DUCATI NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 5:10-cv-05246-JF<br><br>[PROPOSED] **FINAL ORDER AND JUDGMENT** |

This matter came before the Court for hearing pursuant to the Order Granting Preliminary Approval of Class Settlement dated September 16, 2011 ("Preliminary Approval Order"), and on application of the parties for final approval of the parties' Class Settlement Agreement and Release dated August 8, 2011 ("Settlement Agreement"). The capitalized defined terms in the Settlement Agreement shall apply to this Final Order and Judgment. Due and adequate notice having been given of the proposed settlement as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Court hereby reaffirms its findings that the following previously-certified Settlement Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure:

> All residents of the United States who, as of September 16, 2011, own any 2003- 2011 Ducati Monster, Multistrada, SportClassic, Streetfighter, Superbike or Hypermotard model family motorcycle manufactured with a plastic fuel tank, including but not limited to the following model and model year motorcycles (collectively, "Class Vehicles"):
>
> - 2003-2008 Monster 620, 620 dark, 620 i.e. dark, 620 i.e., M 695, M 695 dark, 800, S2R, S4R, S4R S Tricolore, S2R dark, S2R1000, and S4RS motorcycles;
>
> - 2009-2011 Monster 696, 696+, 696+ ABS, 796, 796 ABS, 1100, 1100S, 1100 ABS, 1100 evo ABS, 1100S ABS, M696, M1100, and M1100 S motorcycles;
>
> - 2003-2009 Multistrada 1000, 1000S, 1000 DS, 1000S DS, 1100 DS, 1100S DS, 620, 620 dark, MTS 1000, MTS 1000S, MTS 1100 and MTS 1100S motorcycles;
>
> - 2010-2011 Multistrada 1200, 1200S Sport, 1200S Touring and 1200S Pikes Peak motorcycles;
>
> - 2006-2010 SportClassic Sport 1000, Paul Smart 1000, Paul Smart 1000 LE, GT Touring, GT 1000, GT 1000 Touring, GT 1000 Bicolore, Sport 1000S, Sport 1000 Biposto and Sport 1000 Monoposto motorcycles;
>
> - 2009-2011 Streetfighter and Streetfighter S motorcycles;
>
> - 2007-2011 Superbike 848, 848 NH, 848 Hayden Limited, 848 evo, 1098, 1098S, 1098 Tricolore, 1098R, 1098R Bayliss, 1198R, 1198, 1198S, 1198R corse SE, 1198S corse SE and 1198SP motorcycles; and
>
> - 2007-2011 Hypermotard 796 matt, 796 red, 1100, 1100 evo, 1100 evo SP, 1100S, 1100E and 1100SP motorcycles.
>
> Excluded from the class are Ducati; any affiliate, parent, or subsidiary of Ducati; any entity in which Ducati has a controlling interest; any officer, director, or employee of

Ducati; any successor or assign of Ducati; anyone employed by counsel for Plaintiffs in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

2. The Court finds and concludes that notice has been given to all Settlement Class Members known and reasonably identifiable as of the date of the Preliminary Approval Order, and the notice given was the best notice practicable under the circumstances and fully satisfied due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court further finds that notice has been given to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed settlement before entering this Final Order and Judgment and no such objections or comments were received.

3. The Court finds that the terms and provisions of the Settlement Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. In making this determination, the Court considered all of the objections submitted by class members.

4. The Court hereby dismisses this action with prejudice and without costs, except as might be awarded in connection with Plaintiffs' application for attorneys' fees, reimbursement of expenses, and service awards ("Fee Application").

5. The Court shall consider the Fee Application separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement. Any order or proceedings relating to the Fee Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not disturb or affect this Final Order and Judgment or affect or delay the finality of this Final Order and Judgment.

6. Upon the Effective Date of the Settlement Agreement, in accordance with the Settlement Agreement, Plaintiffs and each Settlement Class member, individually and on behalf

and any successors, assigns, heirs and representatives, shall be deemed to have, and by operation of this Final Order and Judgment shall have, released, waived, and discharged all Released Parties from all Released Claims, as more fully set forth in the Settlement Agreement. Notwithstanding the foregoing, claims for personal injuries (*i.e.*, bodily injuries) are not released.

7. The Released Claims include known and unknown claims. Settlement Class Members have expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members have expressly waived and relinquished any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members have acknowledged that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional or different claims or facts. Each of the parties expressly acknowledged that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the parties has expressly waived whatever benefits it may have had pursuant to such section. Plaintiffs have

1  acknowledged, and the Settlement Class Members shall be deemed by operation of the Final
2  Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained
3  for and a material element of the Settlement of which this release is a part.

4       8.     Attached to this Final Order and Judgment is a list setting forth the name of each
5  person who submitted a request for exclusion from the Settlement Class in compliance with the
6  procedures set forth in the Preliminary Approval Order" or whose late request was approved by the Court 0The persons so identified shall be
7  neither entitled to benefits from the settlement nor bound by this Final Order and Judgment. All
8  Settlement Class members ~~who have not submitted such an exclusion request by the date set by~~ whose names do not appear on this list
9  ~~the Court~~ shall be bound by this Final Order and Judgment.

10       9.     The Court orders that, upon the Effective Date, the Settlement Agreement shall be
11  the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court
12  thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, their
13  successors, assigns, heirs and representatives and all persons acting on behalf of such Plaintiffs
14  or Settlement Class Members from: (a) filing, commencing, asserting, prosecuting, maintaining,
15  pursuing, continuing, or intervening in any lawsuit or arbitration in any jurisdiction based upon
16  or asserting any of the Released Claims; or (b) bringing a class action on behalf of Plaintiffs or
17  Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class
18  Members, or continuing to prosecute or participate in any previously filed and/or certified class
19  action based upon or asserting any of the Released Claims.

20       10.     Without affecting the finality of this Final Order and Judgment in any way, the
21  Court hereby retains exclusive and continuing jurisdiction over (a) all matters relating
22  to the administration, consummation, validity, enforcement and interpretation of the Settlement
23  Agreement; (b) further proceedings, if necessary, on Plaintiffs' Fee Application for attorneys'
24  fees, expenses and service awards in connection with this action and its settlement; (c) the
25  parties and the Class members for the purpose of construing, enforcing, and administering the
26  Settlement Agreement and this Final Order and Judgment; and (d) entering such additional
27  orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and
28  Judgment and the Settlement Agreement (including, without limitation, orders enjoining persons

or entities from pursuing claims against Released Parties), or to ensure the fair and orderly administration of the Settlement.

11.     Without further order of the Court, the parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

12.     In the event that the Effective Date does not occur, certification of the Settlement Class shall be automatically vacated and this Final Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED.

Dated: __January 12__, 2012

_____
The Honorable Jeremy Fogel
United States District Judge

**List of Individuals Excluded from the Settlement**

1. Steven Phillip Ahlgrim
2. Joseph Baribeau
3. David P. Bojarski II
4. Charles A. Brown
5. Jennifer Cook
6. Christopher R. Cooper
7. Roger J. Cozzi
8. Thomas James Herrick
9. Gregory L. Hughes
10. Kirk Jordan
11. Lionel King
12. Max Klare
13. Henry Lee
14. Tyler Littlefield
15. Michael Okes
16. Stephen Parker
17. Sydney Pok
18. Randall Poland
19. Brooks M. Remaley
20. Jeromy J. Schuelke
21. Darren Lee Storey
22. Patrick A. Tam
23. Jeffrey H. Tour
24. Carlo Vernieri
25. Roger Kinney
26. Todd Stephen Corcoran
27. William Stevens
28. Brad Cason